Jeremy E. Shulman (#257582)
  jshulman@afrct.com
ANGLIN, FLEWELLING, RASMUSSEN,
  CAMPBELL & TRYTTEN LLP
301 North Lake Avenue, Suite 1100
Pasadena, California 91101
Tel: (626) 535-1900 | Fax: (626) 577-7764

Attorneys for Defendant
WELLS FARGO BANK, N.A., successor
by merger with Wells Fargo Bank
Southwest, N.A., f/k/a World Savings Bank,
FSB, f/k/a Wachovia Mortgage, FSB
("Wells Fargo")

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARKIS DAGHLIAN; *an individual*;<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK; NBS DEFAULT SERVICES, LLC; and DOES 1 through 20, inclusive,<br><br>Defendants. | CASE NO.:<br><br>**NOTICE OF REMOVAL BY DEFENDANTS WELLS FARGO, PURSUANT TO 28 U.S.C. § 1332**<br><br>**[DIVERSITY JURISDICTION]** |

**TO PLAINTIFF AND HIS COUNSEL OF RECORD, THE CLERK OF THE ABOVE-ENTITLED COURT AND THE HONORABLE UNITED STATES DISTRICT JUDGE, AS ASSIGNED:**

**PLEASE TAKE NOTICE** that defendant WELLS FARGO BANK, N.A., successor by merger with Wells Fargo Bank Southwest, N.A., f/k/a World Savings Bank, FSB, f/k/a Wachovia Mortgage, FSB ("Wells Fargo") submits this Notice of

Removal based on diversity of citizenship, pursuant to 28 U.S.C. §§ 1441(b) and 1332.

The action is hereby removed to this Court from the state court, as more particularly set forth below.

## 1. THE STATE COURT ACTION.

On July 24, 2017 plaintiff Sarkis Dahlian ("plaintiff") commenced an action in the Superior Court of the State of California for the County of Los Angeles, Case No. ECC66889 (the "State Court Action"). Defendant Wells Fargo did not appear in the State Court Action. Defendant NBS Default Services, LLC ("NBS Default") appeared in the State Court on or about August 17, 2017 only to file its Declaration of Non-Monetary Status ("DNMS") (*See* Exh. B).

A copy of the Complaint filed in the State Court Action is attached hereto as Exhibit A. Attached collectively hereto as Exhibit B are all other documents filed in the State Court Action which are in Wells Fargo's possession.

## 2. DIVERSITY OF CITIZENSHIP.

### A. Complete Diversity.

This Court has jurisdiction of this case under 28 U.S.C. § 1332 because plaintiff's citizenship and that of Wells Fargo Bank, N.A., is entirely diverse and the amount in controversy exceeds $75,000.00.

#### i. Plaintiff's Citizenship.

Plaintiff is a California citizen, based on domicile, as he pleads ownership and primary residency of a home located at 521 W. Kenneth Road, Glendale, California 91202 – *i.e.,* the subject property in this action ("Property"). (¶¶1, 16-17; *See* Exhibit H [Deed of Trust]).

Plaintiff pleads that he has been trying to obtain a loan modification under the Homeowner Bill of Rights (¶¶25-28, 40-42, 50-), which applies only to owner-occupied dwellings as the primary residence, under Civil Code § 2924.15.

Plaintiff maintains a personal checking account using the Property address and a second account using an address in Glendale, California. Plaintiff also uses the Property address for his California Driver's License. Furthermore, Plaintiff utilizes the Property address for the Internal Revenue Service. Upon information and belief, plaintiff in this action resides in California with the intention to remain indefinitely. "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." See e.g., *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. Cal. 2001); *Heinz v. Havelock*, 757 F. Supp. 1076, 1079 (C.D. Cal. 1991) (residence and property ownership is a factor in domicile for diversity jurisdiction); *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) ("Residence alone is not the equivalent of citizenship, **but the place of residence is prima facie the domicile**."). (emphasis added).

### ii. Defendant Wells Fargo Bank, N.A. is a Citizen of South Dakota.

Effective December 31, 2007, World Savings Bank, FSB, changed its name to Wachovia Mortgage, FSB. (Exh. C [Nov. 19, 2007 OTS Letter].) Effective November 1, 2009, Wachovia Mortgage, FSB, was converted to Wells Fargo Bank Southwest, N.A., and merged into Wells Fargo Bank, N.A. (Exh. D [Nov. 1, 2009 OCC Certification Letter].) The citizenship of the surviving entity from a merger, here Wells Fargo Bank, N.A., is used to determine citizenship. *Meadows v. Bicrodyne Corp.*, 785 F.2d 670, 672 (9th Cir. 1986) (using citizenship of surviving entity for diversity).

Pursuant to 28 U.S.C. § 1348, defendant Wells Fargo Bank, N.A., as a national banking association, is a citizen of the state where it is "located." In 2006, the United States Supreme Court, after a thorough examination of the historical versions of § 1348 and the existing case law, held that "a national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1  of association, is located." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 306-307
2  (2006).
3      Wells Fargo, with its main office located in Sioux Falls, South Dakota, is a
4  citizen of South Dakota. Attached hereto as <u>Exhibit E</u> are true and correct copies
5  of the FDIC Profile and the Articles of Association for Wells Fargo Bank, National
6  Association, as issued by the Office of the Comptroller of the Currency,
7  Administrator of National Banks, reflecting that Wells Fargo (at Article II, § 1) has
8  its main office in Sioux Falls, South Dakota. *Rouse, et al. v. Wachovia Mortgage,*
9  *FSB*, 747 F.3d 707, 715, at *22 (9th Cir. Mar. 27, 2014) (" under § 1348, a national
10 banking association is a citizen only of the state in which its main office is
11 located." ); *Wells Fargo Bank, N.A. v. WMR e-PIN, LLC*, 653 F.3d 702, 710 (8th
12 Cir. Sept. 2, 2011); *Mireles v. Wells Fargo Bank N.A.*, 845 F. Supp. 2d 1034,
13 1059-61 (C.D. Cal. 2012); *DeLeon v. Wells Fargo Bank, N.A.*, 729 F. Supp. 2d
14 1119, 1124 (N.D. Cal. 2010); *Nguyen v. Wells Fargo Bank, N.A.*, 749 F. Supp. 2d
15 1022, 1028 (N.D. Cal. 2010) ("Wells Fargo is a citizen of South Dakota for
16 purposes of diversity.").

             **iii.    Defendant NBS Default Services, LLC's Citizenship..**

18 NBS Default Services, LLC ("NBS LLC") is a single-member limited
19 liability company organized under the laws of the State of Texas and
20 headquartered in Texas and submitted a supporting declaration of Lawrence J.
21 Buckley, an officer of NBSC Group Holdings, Inc. ("NBSC Holdings"), the sole
22 member of NBS LLC. *See also* Declaration of James B. "Brad" Cloud ("Cloud
23 Decl."), ¶ 1; Declaration of Luke Madole ("Madole Decl."), ¶ 1; and Declaration of
24 Lawrence J. Buckley ("Buckley Decl."), ¶ 1. True and correct copies of these
25 declarations are collectively attached as <u>Exhibit F</u>.
26     NBS Default Services is a Limited Liability Company ("LLC") and is
27 treated like a partnership for diversity purposes. Thus, the Court looks solely at the
28 citizenship of each member or partner of the LLC. *Carden v. Arkoma Assocs.*, 494

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1 U.S. 185, 192-196 (1990); *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d
2 894, 899 (9th Cir. 1990).

3     NBS LLC's sole member is NBSC Holdings.  *See* Cloud Decl., ¶ 1, Madole
4 Decl., ¶ 1, Buckley Decl., ¶ 1.  NBSC Holdings was incorporated in Delaware and
5 maintains its principal place of business in Addison, Texas.  *See* Cloud Decl., ¶ 1,
6 Madole Decl., ¶ 1, Buckley Decl., ¶ 1.  Attached as <u>Exhibit G</u> is a printout from the
7 Delaware Secretary of State website that evidences NBSC Holdings'
8 incorporation.  Thus, NBSC Holdings is a citizen of Delaware and Texas, the states
9 wherein it is incorporated and maintains its principal place of business.  28 U.S.C.
10 § 1332(c)(1).  It therefore follows that NBS LLC is a citizen of Delaware and
11 Texas, which is the citizenship of its sole member, NBSC Holdings.

12     Furthermore, it should be noted that NBS LLC is simply a nominal party,
13 because it is the substituted trustee which replaced Golden West Savings
14 Association Service Company, the *original* trustee as named in the deed of trust
15 encumbering the property at issue.  As such, NBS LLC has no financial interest in
16 the Property and its involvement in the non-judicial foreclosure is strictly within its
17 ministerial role as the substituted trustee under the deed of trust, which is protected
18 under California law.  *Cabriales v. Aurora Loan Servs*., No. C 10-161, 2010 U.S.
19 Dist. LEXIS 24726, *6-7 (N.D. Cal. Mar. 2, 2010).  "A defendant is a nominal
20 party where his role is limited to that of a stakeholder." *Hewitt v. Stanton*, 798
21 F.2d 1230, 1233 (9th Cir. 1986).

22     In addition, actions related to the foreclosure filings and trustee's sale are
23 privileged, preventing a claim for damages against the trustee.  *See* Cal. Civ. Code
24 § 2924(d) (incorporating Cal. Civ. Code § 47(c)).  This privilege bars any tort
25 claim arising out of the statutorily-required mailing, publication, and delivery of
26 notices in non-judicial foreclosure, and the performance of statutory non-judicial
27 procedures, absent a showing of malice.  *Kachlon v. Markowitz*, 168 Cal.App.4th
28 316, 339 (2008).  Plaintiff's Complaint pleads no allegations that tie NBS LLC to

Anglin Flewelling Rasmussen Campbell & Trytten LLP

the alleged wrongdoing, outside of NBS LLC's recordation of foreclosure notices as the trustee of record.  Accordingly, NBS LLC is a nominal party and should not be considered for purposes of diversity.  Finally, NBS LLC appeared in the State Court Action by filing a Declaration of Non-Monetary Status ("DNMS") on August 17, 2017. (*See* Exhibit B.)

### iv. Summary of Diversity of Citizenship.

As established by the above facts, complete diversity of citizenship exists under 28 U.S.C. § 1332(a), in that plaintiff is a California citizen and the only other defendant whose citizenship is to be considered, Wells Fargo, is a citizen of South Dakota.

## 4. AMOUNT IN CONTROVERSY.

Generally, "[t]he amount in controversy is determined from the allegations or prayer of the complaint." *Schwarzer, Tashima & Wagstaffe*, *Fed. Civ. Proc. Before Trial* (2009), ¶2:450 (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938), which held that an inability to recover an amount adequate to give the court jurisdiction does not oust the court of jurisdiction). Moreover, "'[i]n actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation.' 'If the primary purpose of a lawsuit is to enjoin a bank from selling or transferring property, then the property is the object of the litigation.'" *Reyes v. Wells Fargo Bank, N.A.*, 2010 U.S. Dist. LEXIS 113821, at *12-*13 (N.D. Cal. June 29, 2010). *See* also *Chapman v. Deutsche Bank Nat'l Trust Co.*, 651 F.3d 1039, 1045 n.2 (9th Cir. 2011) (per curiam) (in an action seeking injunctive relief, the "amount in controversy is measured by the value of the object of the litigation" (citation and internal quotation marks omitted)); *O'Connor v. BankUnited,* 594 Fed. Appx. 329 (9th Cir. 2015).  "In actions arising out of the foreclosure of a plaintiff's home, the amount in controversy may be established by the value of the property or by the value of the loan." *Major v. Wells Fargo Bank,*

*N.A.*, 2014 U.S. Dist. LEXIS 114977, at *3-*4 (S.D. Cal. Aug. 15, 2014); *accord Mouri v. Bank of N.Y. Mellon*, 2014 U.S. Dist. LEXIS 170365, at *10-*12 (C.D. Cal. Dec. 9, 2014).

In April 2002, plaintiff obtained a residential home loan in the amount of $404,800.00 from World Savings Bank, FSB (Wells Fargo's predecessor), which was memorialized by a promissory note and secured by the Property. (*See* Exhibit H [Deed of Trust].)

Plaintiff brings this lawsuit seeking "injunctive relief prohibiting any further sale of the property" and declaratory relief. (Prayer ¶¶5-6.) Plaintiff also seeks general damages in excess of $250,000 (Prayer ¶1), as well as compensatory and consequential damages (Prayer, ¶¶1-2, 4), interest (Prayer ¶3) and costs (Prayer ¶8). In seeking an injunction, plaintiff puts the value of the Loan and Property in controversy, as well as the damage request in excess of $250,000.

Accordingly, the $75,000.00 amount in controversy threshold is met here.

## 5. TIMELINESS.

This removal notice is timely, pursuant to 28 U.S.C. § 1446(b), because Wells Fargo received service of process (*i.e.*, the summons and complaint in the State Court Action) via personal service on July 24, 2017. *Destfino v. Reiswig, et al.*, 630 F.3d 952, 956 (9th Cir. Cal. 2011) ("we hold that each defendant is entitled to thirty days to exercise his removal rights after being served").

Counsel for the nominal and fraudulent-joined party, NBS LLC confirms that it also received service of process and appeared in the State Court Action on or about August 17, 2017 to file its DNMS. Wells Fargo is not required to obtain NBS LLC's consent to removal because it is a fraudulently-joined defendant. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 (9th Cir. 1988) (general requirement of consent does not apply to "nominal, unknown or fraudulently joined parties"). Nonetheless, NBS Default consents to the removal of this action

1 and has executed a Consent to Removal of Action which is being filed
2 concurrently herewith.
3     As no doe defendants have been identified or served at this time, no joinder
4 of unserved defendants is required to perfect removal of the State Court Action.
5 *Salveson v. Western States Bankcard Ass'n.,* 730 F.2d 1423, 1429 (9th Cir. 1984).
6 **6.    INTRADISTRICT ASSIGNMENT.**
7     This case is being removed to the Central District, Western Division of this
8 Court because the existing State Court Action is pending in Los Angeles County.
9 **7.    OTHER PERTINENT INFORMATION.**
10     A.    Pursuant to 28 U.S.C. § 1446(a), defendant Wells Fargo files this
11 Notice in the District Court of the United States for the district and division within
12 which the State Court Action is pending.
13     B.    Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice and its
14 attachments will promptly be served on plaintiff in the State Court Action, and
15 notice thereof will be filed with the clerk of the Los Angeles County Superior
16 Court.
17     **WHEREFORE**, Defendant Wells Fargo hereby removes Los Angeles
18 County Superior Court Case No. ECC66889 to the United States District Court for
19 the Central District of California, Western Division.

20                                         Respectfully submitted,

21 Dated:  August 23, 2017          ANGLIN, FLEWELLING, RASMUSSEN,
22                                         CAMPBELL & TRYTTEN LLP

23
                                   By:    */s/ Jeremy E. Shulman*
24                                         Jeremy E. Shulman
                                           jshulman@afrct.com
25                                  Attorneys for Defendants
26                                  WELLS FARGO BANK, N.A., successor
                                    by merger with Wells Fargo Bank
27                                  Southwest, N.A., f/k/a World Savings Bank,
                                    FSB, f/k/a Wachovia Mortgage, FSB
28                                  ("Wells Fargo")

# CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of Pasadena, California; my business address is Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP, 301 N. Lake Ave, Suite 1100 Pasadena, CA  91101-4158

On the date below, I served a copy of the foregoing document entitled:

**NOTICE OF REMOVAL BY DEFENDANTS WELLS FARGO, PURSUANT TO 28 U.S.C. § 1332**

on the interested parties in said case as follows:

**Served By Means Other than Electronically Via the Court's CM/ECF System**

| *Attorneys for Plaintiff Sarkis Daghlian* | COURTESY COPY VIA EMAIL ONLY: |
|---|---|
| Michael Avanesian, Esq.<br>Vartkes Artinian, Esq.<br>michael@jtlegalgroup.com<br>JT LEGAL GROUP, APC<br>801 N. Brand Blvd., Suite 1130<br>Glendale, CA 91203<br><br>Tel:  (818) 276-2464<br>Fax:  (818) 446-2162 | *Attorneys for Defendant NBS Default Services, LLC:*<br><br>Nabeel Zuberi, Esq.<br>BUCKLEY MADOLE, P.C.<br>301 E. Ocean Dr., Suite 1720<br>Long Beach, CA 90802<br>Tel. / Fax: (562) 983-5363<br>nabeel.zuberi@buckleymadole.com |

☒ **BY MAIL:** I am readily familiar with the firm's practice of collection and processing correspondence by mailing. Under that same practice it would be deposited with U.S. Postal Service on that same day with postage fully prepaid at Pasadena, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made. This declaration is executed in Pasadena, California on August 23, 2017.

| Dionne Harvey | */s/ Dionne Harvey* |
|---|---|
| (Type or Print Name) | (Signature of Declarant) |

93000/FR2376/01833148-1

CASE NO. _____
CERTIFICATE OF SERVICE